UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **MAVERIC DOCKERY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **25-cv-12847-FDS** |
| | ) | |
| **CITY OF BROCKTON, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON**
**DEFENDANTS' MOTION TO DISMISS**

**SAYLOR, J.**

This action arises out of two incidents that occurred while plaintiff Maveric Dockery was a student at Brockton High School.  He is proceeding *pro se*.  Defendants are the City of Brockton; Brockton Public Schools; the Brockton Police Department; Brockton Police Officer Myshall; Kevin A. DePonte, an Assistant Headmaster of Brockton Public Schools; and Kathleen A. Smith, Superintendent of Brockton Public Schools.  The complaint alleges a variety of claims for relief under 42 U.S.C. § 1983.

Defendants have moved to dismiss for failure to state a claim pursuant to Rule 12(b)(6). For the following reasons, the motion will be granted.

## I.      Background

Maveric Dockery is a former student at Brockton High School.  (Compl. 5, Dkt. No. 1). He is African-American.  (*Id.*).

Two incidents while Dockery was a student led to school disciplinary action and criminal charges against him.  A November 2014 physical altercation with another student resulted in his

suspension and criminal charges for assault and battery. (*Id.* at 5-7). A January 2016 incident involving a school bus also resulted in criminal charges. (*Id.* at 8-9).

On December 27, 2019, Dockery filed a complaint in Plymouth County Superior Court alleging constitutional violations arising from those two incidents. (Civil Compl., Dkt. No. 15-4).[1] The Superior Court granted summary judgment against plaintiff on September 5, 2023, and that decision was affirmed by the Massachusetts Appeals Court on May 2, 2025. (Dkt. No. 15-1; Dkt. No. 15-2). Further appellate review was denied on July 28, 2025. (Dkt. No. 15-3).

Dockery then filed a complaint in this court on October 1, 2025. The complaint asserts five counts under 42 U.S.C. § 1983 arising out of the 2014 and 2016 incidents. Defendants have filed a motion to dismiss under Rule 12 for failure to state a claim upon which relief can be granted.

## II.    Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences. *See Ruiz v. Bally*

---

[1] On a motion to dismiss, the court may properly take into account four types of documents outside the complaint without converting the motion into one for summary judgment: (1) documents of undisputed authenticity; (2) documents that are official public records; (3) documents that are central to plaintiff's claim; and (4) documents that are sufficiently referred to in the complaint. *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). The Court will therefore consider the official records from plaintiff's state court lawsuit.

*Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

For the purposes of analyzing a motion to dismiss, the complaint must be construed generously because plaintiff is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also Rodi v. Southern New Eng. Sch. of L.*, 389 F.3d 5, 13 (1st Cir. 2004).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation modified); *see* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  "Nevertheless, a litigant's exercise of his right to self-representation does not exempt him from complying with the relevant rules of procedural and substantive law."  *Martinez-Machicote v. Ramos-Rodriguez*, 553 F.Supp.2d 45, 49 (D.P.R. 2007).

## III.   <u>Analysis</u>

Defendants have moved to dismiss the complaint on the grounds that it is both untimely and precluded by the state-court proceedings.  Because the Court finds that plaintiff's claims are time-barred by the applicable statute of limitations, it does not reach whether they are also precluded by the doctrine of collateral estoppel.

Plaintiff's § 1983 claims are subject to a three-year statute of limitations.  *See Jardin De Las Catalinas Ltd. P'ship v. Joyner*, 766 F.3d 127, 133 (1st Cir. 2014) (explaining that a § 1983 claim "borrow[s] the forum state's statute of limitations for personal injury actions"); Mass. Gen. Laws ch. 260, § 2A (providing a three-year limitations period for personal injury actions).

Federal law determines when that accrual period begins. *Jardin*, 766 F.3d at 33. "[A] § 1983 claim accrues when a plaintiff knows or has reason to know of his injury." *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003). Where the claim accrues when the plaintiff was a minor, the statute of limitations is tolled until the plaintiff reaches the age of majority. *See* Mass. Gen. Laws ch. 260, § 7; *Martinez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 75 (1st Cir. 2016) (explaining that a § 1983 claim also "borrow[s] the state's tolling rulings").

Defendants contend that plaintiff's claims accrued in 2014 and 2016 when the alleged constitutional violations occurred. The three-year limitations period began to run on December 31, 2016, when plaintiff turned 18 years old. Accordingly, the present action—which was filed more than eight years later—is time-barred.

Plaintiff responds that his claims are not time-barred because "[t]he constitutional injury is NOT the school incident itself—[i]t is the lack of due process in the state system." (Pl.'s Opp'n 10, Dkt. No. 18 (emphasis omitted)). He contends that his claims did not accrue until the conclusion of the state-court proceedings. (*Id.* at 10-11).

The complaint, however, does not support that contention. Neither the state trial court nor the state appellate court are named as defendants. The only allegation in the complaint relating to the state-court proceedings is that "[t]he state failed to protect the plaintiff under state laws, and his case was dismissed and the state Supreme Court failed to review the state issues." (Compl. at 9-10). None of the five counts is directed to conduct that occurred in the state-court proceedings. The complaint therefore does not plausibly allege any injury arising from the state-court proceedings, and the accrual of the claims is not related to those proceedings.

More than three years has passed between when the limitations period began to run in December 2016, when plaintiff turned 18 years old, and the filing of the complaint in October

4

2025.  The statute of limitations therefore bars all of plaintiff's claims.

## IV.    <u>Conclusion</u>

For the foregoing reasons, the motion to dismiss is GRANTED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  June 12, 2026

5